UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ANGELA M. SPORER,**

    **Plaintiff,**

    v.                                                             **Case No. 22-CV-1207-SCD**

**MARTIN J. O'MALLEY,**
    *Commissioner of the Social Security Administration,*

    **Defendant.**

---

## DECISION AND ORDER

---

In 2020, Angela M. Sporer applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 301, *et seq.*, alleging disability beginning on March 8, 2018. R. 143–44.[1] After the Social Security Administration denied Sporer's application, she filed this action seeking judicial review of the Commissioner's decision. R. 2, 9–22, 49, 59; ECF No. 1. For the reasons that follow, I will affirm the denial of disability benefits.

## APPLICABLE LEGAL STANDARDS

"Judicial review of Administration decisions under the Social Security Act is governed by 42 U.S.C. § 405(g)." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010)). Pursuant to sentence four of § 405(g), federal courts have the power to affirm, reverse, or modify the Commissioner's decision, with or without remanding the matter for a rehearing.

---

[1] The administrative transcript is filed on the docket at ECF No. 11-1 to 11-2.

Section 205(g) of the Act limits the scope of judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 405(g). As such, the Commissioner's findings of fact shall be conclusive if they are supported by "substantial evidence." *See id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (other citations omitted)). The ALJ's decision must be affirmed if it is supported by substantial evidence, "even if an alternative position is also supported by substantial evidence." *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004) (citing *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992)).

Conversely, the ALJ's decision must be reversed "[i]f the evidence does not support the conclusion," *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citing *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)), and reviewing courts must remand "[a] decision that lacks adequate discussion of the issues," *Moore*, 743 F.3d at 1121 (citations omitted). Reversal also is warranted "if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions," regardless of whether the decision is otherwise supported by substantial evidence. *Beardsley*, 758 F.3d at 837 (citations omitted). An ALJ commits an error of law if her decision "fails to comply with the Commissioner's regulations and rulings." *Brown v. Barnhart*, 298 F. Supp. 2d 773, 779 (E.D. Wis. 2004) (citing *Prince v. Sullivan*, 933 F.2d 598, 602 (7th Cir. 1991)). Reversal is not required, however, if the error is harmless. *See, e.g.*, *Keys v. Barnhart*, 347 F.3d 990, 994–95 (7th Cir. 2003).

In reviewing the record, this court "may not re-weigh the evidence or substitute its judgment for that of the ALJ." *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) (citing *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Rather, reviewing courts must

2

determine whether the ALJ built an "accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837 (citing *Blakes*, 331 F.3d at 569; *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001)). Judicial review is limited to the rationales offered by the ALJ. *See Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943); *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999); *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).

## DISCUSSION

The ALJ[2] found Sporer was not disabled from the alleged onset date through the date of his decision because there was no continuous twelve-month period during which Sporer had not engaged in substantial gainful activity. R. 17. Sporer does not challenge the ALJ's determination that she engaged in substantial gainful activity. Instead, she explains the various medical conditions she is battling and claims that these ailments necessitate an award of social security benefits. Pl.'s Br., ECF No. 13 at 1–2; Pl.'s Reply, ECF No. 17.

As the ALJ explained, a person is not considered disabled under federal regulations if they are engaging in substantial gainful activity during a continuous twelve-month period—regardless of the person's medical condition, age, education, or work experience. R. 14 (citing 20 C.F.R. § 404.1520(b)); *see also Barnhart v. Walton*, 535 U.S. 212, 217–22 (2002) (upholding SSA's requirement that the inability to work, not just the impairment upon which it is based, must last twelve months). Therefore, Sporer's argument skips a crucial step in the eligibility analysis. *See Jones v. Shalala*, 21 F.3d 191, 193 (7th Cir. 1994) ("If you are substantially

---

[2] The Appeals Council denied Sporer's request for review, making the ALJ's decision the final decision of the Commissioner. R. 2.

3

gainfully employed, that is the end of your claim, even if you have compelling medical evidence that you really are disabled.").

The ALJ concluded that Sporer engaged in substantial gainful activity in 2018, 2019, 2020, the third quarter of 2021, the fourth quarter of 2021, the first quarter of 2022, and the second quarter of 2022. R. 16. Sporer agreed with the ALJ's summary of her employment and earnings history during the hearing. R. 37–46. Sporer testified that she left a recent job because her medical issues caused too many absences but that she started a more flexible job in April 2022, working three eight-hour days per week for fifteen dollars per hour. R. 39.

Ultimately, the ALJ advised Sporer that even though she may face difficulty working, the record reflects that she is substantially and gainfully employed in the competitive workforce. R. 43. Sporer waived any objection to this finding by failing to challenge it. *Schomas v. Colvin*, 732 F.3d 702, 707–08 (7th Cir. 2013) (observing that arguments not raised or not developed are waived); *see also Babiash v. Comm'r*, No. 21-CV-1291-SCD, 2023 WL 2375334, at *1 (E.D. Wis. Mar. 6, 2023) (finding pro se plaintiff forfeited any argument on substantial gainful activity by failing to raise it). Even so, the record indeed reflects that Sporer's earnings exceeded the amounts necessary to qualify as substantial gainful activity during the relevant period. *Compare* R. 145, 157–59, 175, *with* Social Security Administration, *Substantial Gainful Activity*, https://www.ssa.gov/oact/cola/sga.html (last visited on Feb. 7, 2024). Therefore, the ALJ's finding is supported by substantial evidence.

## CONCLUSION

For all the foregoing reasons, I find that substantial evidence supports the ALJ's decision and that Sporer has not demonstrated that the ALJ committed reversible error in

4

denying her disability claim. I therefore **AFFIRM** the Commissioner's decision. The clerk of court shall enter judgment accordingly.

**SO ORDERED** this 20th day of February, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge